# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| AHMAD K. JAMES, | : | |
| also known as Omar K. James, | : | |
| | : | Case No. 3:00CV491 |
| Petitioner, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| ANTHONY BRIGANO,[1] Warden, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[2]

### I. INTRODUCTION

On June 29, 2005, District Judge Thomas M. Rose filed an Entry and Order Conditionally Granting Petition For Writ Of Habeas Corpus. (Doc. #74). The Entry and Order specifically directed the State of Ohio:

> to release Ahmad K. James from incarceration UNLESS he is granted a new trial within the time allowed by the Ohio Speedy Trial Act from the entry of final judgment in this case.

(Doc. #74 at 3 (emphasis in original)). Respondent thereafter filed a Notice of Appeal. The appeal is pending before the United States Court of Appeals for the Sixth Circuit.

---

[1] Anthony Brigano was formerly the proper Respondent in this case. However, James is presently incarcerated at the Ross Correctional Institution where Pat Hurley is the Warden. Hurley is therefore the proper Respondent since he is the state official responsible for James' custody. *See* 28 U.S.C. §2243. There is no need to alter the record of the present case at this time in light of the pending appeal and because James is not entitled to the relief he presently seeks in this Court.

[2] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

This case is before this Court upon Petitioner James' Motion for Enforcement and Execution of Judgment (Doc. #80), Respondent's Memorandum in Opposition (Doc. #82), James' Reply (Doc. #83), Respondent's Memorandum Opposing Petitioner Release on Bond (Doc. #84), and the record as a whole.

James points out that he has not been retried and more than ninety days has passed since the June 2005 Entry and Order. James emphasizes that Respondent did not request, and has not been granted, a stay. James therefore seeks an Order enforcing the June 2005 Entry and Order by requiring Respondent to immediately release James from incarceration, or alternately, to release him on an O/R bond. (Doc. #83 at 4).

In his most recent Memorandum, Respondent seeks a stay of James' release pending the results of the appeal now pending in the United States Court of Appeals for the Sixth Circuit. Citing *Hilton v. Braunskill*, 481 U.S. 770, 779 (1987), Respondent contends that the four factors applicable for resolving whether a civil judgment should be stayed apply to the present situation in this case and that these factors favor granting a stay and denying James' release.

**II.     JURISDICTION**

As an initial matter, this Court has jurisdiction to consider whether to stay James' release even though Respondent filed a notice of appeal and even though his appeal remains pending. Respondent's act of filing a notice of appeal transferred jurisdiction over the merits of the appeal to the United Stated Court of Appeals for the Sixth Circuit. *See Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Yet, this Court retains jurisdiction over the case to the extent it must be invoked to aid in execution of the appeal. *Id*. This generally means, in habeas corpus cases, that district courts retain some jurisdiction over the person of the petitioner for the purposes of reviewing, altering, or

2

amending the condition under which the court ordered the state to release the petitioner. *Id*. "[E]ven after an appeal has been taken from the district court's order granting or denying a habeas petition, the district court retains some jurisdiction to issue orders regarding the custody or enlargement of the defendant pending review.... The district court retains such jurisdiction because 'the question concerning the physical custody of the defendant pending further review does not affect the matters involved in the appeal itself.'" *Workman*, 958 F.2d at 167 (quoting in part *Jago v. U.S. Dist. Ct., N. Dist of Ohio*, 570 F.2d 618, 622 (6th Cir. 1978)).

Accordingly, this Court retains jurisdiction to resolve either whether James must be released pursuant to the Entry and Order of June 29, 2005 or whether the Entry and Order, and James' release, must be stayed.

**III.    A STAY MUST ISSUE**

The stay analysis begins with the presumption that an Order granting a Petition for Writ of Habeas Corpus and requiring a petitioner's release from custody is correct and enforceable while an appeal is pending. *Braunskill*, 481 U.S. 774. This presumption, however, is tempered by various factors applicable to stay determinations. 481 U.S. at 774-75. These factors include:

1. Whether the party seeking the stay has shown a strong likelihood of success on the merits;

2. Whether the party seeking the stay will suffer irreparable harm absent the stay;

3. Whether a stay will cause substantial harm to other parties interested in the case; and

4. Whether the public interest would be served by a stay.

*Braunskill*, 481 U.S. at 776-77; *see Workman*, 958 F2d at 166. Whether an Order granting habeas relief must be stayed is not limited to these factors or to a rigid set of rules. *Braunskill*, 481 U.S. at

3

777. The particular facts or circumstances arising in habeas cases may warrant issuance of a stay such as the risk of flight posed by the petitioner and the danger a petitioner may pose to the public. *Braunskill*, 481 U.S. at 777. The Court may also consider the state's interest in continuing custody and rehabilitation pending a final determination of the case on appeal; this factor "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Braunskill*, 481 U.S. at 777.

The first stay factor favors denying a stay and granting James' release. For the reasons detailed in a prior Report and Recommendation (Doc. #62), Respondent's arguments against James' Petition lack merit. In support of his request for a stay, Respondent has not presented an additional reason why James' habeas Petition lacks merit. *See* Doc. #84. At best, then, for Respondent, his appeal raises disputed issues of fact and law. This does not suffice to show a <u>strong</u> likelihood of success, *see Braunskill*, 481 U.S. at 776-77, as required under the first stay factor.

The second factor weighs somewhat in favor of issuing a stay because keeping James incarcerated will further the state's interest in custody and rehabilitation while his habeas case matures to final resolution. James, moreover, has served seven years of his total sentence of thirteen years. The fact that slightly less than half (six years) his total sentence remains favors the state's interests in James' custody and rehabilitation. *See Braunskill*, 481 U.S. at 776-77.

The third factor favors releasing James because issuance of a stay will substantially injure him. Although Respondent contends otherwise, James' continued incarceration under a constitutionally invalid Judgment of Conviction will deny him freedom, thereby harming him.

The fourth factor heavily favors granting a stay. Respondent has shown that James' release will pose a danger to the public because of his past acts of violence. This danger exists in light of

certain factual findings in a prior civil case litigated in the Ohio courts. In the prior case, *Grandjean v. Omar K. James, et al.*, 1996 Ohio App. LEXIS 3159 (2nd App. Dist. Ohio, July 26, 1996) (Doc. #84, Exhibit A), the Ohio Court of Appeals affirmed the trial court's findings that James, along with two others, "repeatedly kicked, stomped, punched and struck Andre Smith with a trash can," *id.* at *2; "James caused serious bodily injury to Andre Smith," *id.* at *3; and "James expected and intended to cause serious bodily injury to Andre Smith," *id.* After the beating, Smith died. Despite this, there was a factual dispute about whether James intended Smith's death. This dispute arose due to an argument that the injuries James inflicted on Smith were not life threatening and that Smith died from a pre-existing heart condition that was aggravated by the blunt force applied to his chest during the beating. *Id.* at *7-*8.

The factual findings in *Grandjean v. James* are sufficient to establish James' willingness to employ violence and a resulting large risk of harm to the public if he is released from state custody. James' prior involvement in a beating that resulted in serious bodily injury to Andre Smith raises a significant concern over the threat James will pose to the public if he is released prior to the final conclusion of the appeal(s) in the present case. The fact that the beating was part of a chain of events that led to the death of Andre Smith presents too high a threat to the public to warrant James' release prior to the final conclusion of this case. This is so even if it is assumed, in James' favor, that his acts did not directly cause Andre Smith's death because James intended to cause Andre Smith serious bodily injury.

Accordingly, Respondent has demonstrated that James' release will pose a high degree of threat to the public. This factor together with the State of Ohio's interest in custody and rehabilitation outweigh the State's failure to show a strong likelihood of success on appeal and the

substantial harm to James caused by his continued state custody. Respondent therefore has overcome the presumption that James is entitled to release, and consequently, a stay of the remedy granted by the Entry and Order of June 29, 2005 must be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. A STAY of the remedy be granted by the Entry and Order of June 29, 2005 be GRANTED until further notice of the Court;

2. Petitioner's Motion For Enforcement And Execution Of Judgment (Doc. #80) be DENIED without prejudice to renewal, if warranted, upon the final resolution of this case; and

3. The case remain terminated on the docket of this Court.


November 30, 2005                        s/Sharon L. Ovington
                                                     Sharon L. Ovington
                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).