IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AHMAD K. JAMES,                         :
also known as Omar K.
James,                                  :

    Petitioner,                         :     Case No. 3:00cv00491

vs.                                     :     District Judge Thomas M. Rose
        Magistrate Judge Sharon L. Ovington

ANTHONY BRIGANO, Warden,                :

    Respondent.                         :

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

This habeas corpus case is before the Court upon Petitioner's Motion to be Discharged from Federal Supervision and for an Order Prohibiting Petitioner from Being Retried by the State of Ohio (Doc. #126), Respondent's Memorandum in Opposition (Doc. #127), and the record as a whole.

## II. PROCEDURAL BACKGROUND

### A. Conditional Writ and Appeal

On June 29, 2005, the Court conditionally granted Ahmad K. James' Petition for

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Writ of Habeas Corpus and ordered the State of Ohio "to release Ahmad K. James from incarcerated unless he is granted a new trial within the time allowed by the Ohio Speedy Trial Act from the entry of final judgment in this case." (Doc. #74 at 3). Respondent filed an appeal.

### B.     Stay of the Conditional Writ

While the appeal was pending, the litigation continued in this Court upon Petitioner's Motion to Enforce and Execute Judgment (Doc. #80). Petitioner sought an Order requiring his immediate release him from incarceration because the State of Ohio had not complied with the Conditional Writ of Habeas Corpus through its failure to retry him on the underlying charge within the time set by Ohio's Speedy Trial Act. Petitioner calculated the retrial deadline as 90 days after Court's Order (in June 2005) granting the Conditional Writ of Habeas Corpus. (Doc. #80). Petitioner also pointed out that Respondent had not sought, and the Court had not issued, a Stay of the Conditional Writ. Petitioner therefore concluded that his immediate release from incarceration was warranted. *Id.*

Respondent contended that the 90-day provision in the Ohio Speedy Trial Act does not apply to retrials and consequently the time set by the Conditional Writ had not yet expired. Respondent further contended that no final judgment had issued in this case, given the ongoing appeal, and as a result, the State of Ohio's obligation to release or retry Petitioner had not begun. (Doc. #82).

Petitioner then further filed a Reply Memorandum seeking, alternatively, his

release on bond pending the outcome of the appellate proceedings. Respondent opposed Petitioner's request for release on bond as unwarranted under the factors applicable set forth in *Hilton v. Braunskill*, 481 U.S. 770, 775-76.

In a Report and Recommendation, the undersigned Judicial Officer rejected Petitioner's contentions, and applying the *Hilton* factors, concluded that the Court should stay the Conditional Writ of Habeas Corpus issued in June 2005. (Doc. #83). On January 16, 2006, United States District Judge Thomas M. Rose rejected Petitioner's Objections to the Report and Recommendation and issued a Stay of the Conditional Writ.

### C. Appellate Proceedings Conclude

In early December 2006, the United States Court of Appeals for the Sixth Circuit issued a decision affirming this Court's decision to grant the Conditional Writ of Habeas Corpus (Doc. # 92). In doing so, the Court of Appeals concluded, as did this Court, that during Petitioner's state criminal trial, he did not knowingly and intelligently waive his right to counsel as required by the Sixth Amendment to the Constitution. *See id.*

The Court of Appeals issued its mandate May 31, 2007 (Doc. # 114), and the case returned to this Court.

### D. Further District Court Proceedings

Before the mandate had issued, Petitioner returned to this Court by filing a Motion to Enforce Judgment, and/or in the Alternative, for Release on Bond. (Doc. #105). Petitioner again argued that the State of Ohio had not complied Conditional Writ of

Habeas Corpus because it had not retried him within 90 days of the date the Court had issued the Conditional Writ of Habeas Corpus. *Id*.

After the mandate issued, the undersigned Judicial Officer again concluded (on June 12, 2007) that Petitioner's argument lacked merit, reasoning as follows:

> What is again in dispute is the meaning of exact terms of Judge Rose's conditional writ of habeas corpus – particularly its references to 'the Ohio Speedy Trial Act' and the phrase "final Judgment." (Doc. #74). Regardless of how these terms could now be reasonably construed, Judge Rose's later decisions to stay the conditional writ (Doc. #91) and to deny James' Motion to the Lift the Stay and/or Alternative Motion to Release Petitioner on Bond (Doc. #103) tend to indicate that Judge Rose did not intend his conditional writ to require the State of Ohio to retry James within ninety days from the date of the conditional writ (June 29, 2005) while the case remained pending in the Sixth Circuit. This indication arises because more than ninety had passed when Judge Rose decided (in January 2006) to stay the conditional writ.
>
> The stay would not have occurred if Judge Rose believed the conditional writ was immediately effective when issued in June 2005. Following this line of reasoning, James' contention that the June 2005 conditional wright constituted a final judgment triggering the start of the 90-day clock lacks merit, since it was within Judge Rose's discretion not to issue a stay under the factors set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987), and since the Supreme Court recognized in *Hilton*, 'a court has broad discretion in conditioning a judgment granting habeas relief. Federal courts are authorized, under 28 U.S.C. §2243, to dispose of habeas corpus matters 'as law and justice requires.'' 481 U.S. at 775. In addition, the United States Court of Appeals for the Sixth Circuit reads much significance into this language from *Hilton*, citing it as support for the conclusion that once a district court correctly issues a writ of habeas corpus, "the choice of remedy lies within the district court's sound discretion.... though, of course, 'a federal district court ... should give careful consideration to the appropriate demands of comity in effectuating its habeas corpus decree.'' *Gentry v. Deuth*, 456 F.3d 687, 697 (6th Cir. 2006)(citations omitted).
>
> For all these reasons, the terms of the conditional writ of habeas

corpus do not require James' immediate release from incarceration. (Doc. #115 at 4-5).

Petitioner next filed Objections to the Order contending in part that State of Ohio had failed to retry him within 90 days of the June 2005 Conditional Writ of Habeas Corpus and has therefore failed to comply with the conditions of the Conditional Writ. Petitioner also contends, in part, that the Order of June 12, 2007, *supra*, pp.3-4, did not indicate "what the Court did intend..." in the June 2005 Conditional Writ of Habeas Corpus. (Doc. #120 at 4)(Petitioner's emphasis).

Because Petitioner alternatively sought a release from state custody on bond, the Court held a hearing on June 22, 2007, during which the Court accepted the recommendation of pretrial services to release Petitioner on bond with certain conditions. (Doc. #s 118, 119). Petitioner executed the required Bond and was released from incarceration. He currently remains free from incarceration under the conditions set by the bond on June 22, 2007.

Petitioner presently seeks an Order effecting two changes to his status: (1) releasing him from the conditions of his bond; and (2) and prohibiting the State of Ohio from retrying him on the original criminal charges.

Petitioner contends that an Order prohibiting the State of Ohio from retrying him is warranted because the State of Ohio has failed to retry Petitioner by any calculation of the limits set by Ohio's Speedy Trial Act. Petitioner notes that he "has served nearly 10 years of his 13 year sentence for the state criminal convictions at issue which this Court

5

and the Sixth Circuit Court of Appeals have both held to be unconstitutional." (Doc. #126 at 3). He further emphasizes, "Under the present circumstances, Mr. James could remain on 'federal bond' for the next ten years without any criminal charge pending where the State of Ohio does not have any obligation, duty, or interest in retrying him." *Id*. at 4.

Respondent contends that the Court's Order granting the Petition for a Writ of Habeas Corpus did not require the State of Ohio to retry Petitioner within any specific time period after the Court's Judgment became final. Instead, according to Respondent, "The Ohio courts administer Ohio's Speedy Trial Act. It is up to the Ohio courts to determine if James' retrial is held within the time limits of Ohio's Speedy Trial Act." (Doc. #127 at 2). Respondent also points out this case remains pending on Petitioner's Objections to the Court's June 2007 Order (Doc. #115) denying his Renewed Motion to Execute and Enforce the Conditional Writ. Respondent further explains, "If James were to file a motion in the state court challenging his retrial on speedy trial grounds, it is likely that the court would find that it is reasonable for the State to wait to retry James until this case is finally concluded. If the State were to retry James before this case concludes and then if this Court were to sustain his objections and grant his motion for an unconditional release, the State would have wasted its resources in retrying him." (Doc. #127).

**III.     DISCUSSION**

Petitioner's request to be released from the conditions of his bond is well taken

6

because there is no indication in the present record that he has violated any condition set by the bond. He has thus complied with the bond for more than one year. Respondent does not assert otherwise. Accordingly, Petitioner's Motion to be Discharged from Federal Supervision is well taken.

As to Plaintiff's request for an Order prohibiting the State of Ohio from retrying him pursuant to the terms of the June 2005 Conditional Writ of Habeas Corpus, this issue remains pending upon Petitioner's Objections (Doc. #120) to the prior Order (Doc. #115) denying Petitioner's (second) Renewed Motion to Execute and Enforce This Court's June 29, 2005 Judgment Entry (Doc. #105).

The parties doubtlessly understand that "the sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). What remains unclear in the present case is when the State of Ohio's obligation to retry Petitioner expired or will expire. But this lack of clarity does not mean that Respondent has been unable to retry Petitioner, if it so opted to do so. It has not been precluded from doing so by this Court but was instead encouraged – at least – by the Conditional Writ from not delaying its retrial of Petitioner. Respondent, moreover, could have sought to remove any practical bar to retrying Petitioner by seeking clarification of the Conditional Writ through a Motion or Request for Clarification; but it has not done so. Now, more than one year has passed since Petitioner was released on bond during which the State of Ohio did not retry

7

Petitioner. Given the passage of this amount of time, the State of Ohio has had a reasonable – indeed a lengthy – opportunity to retry Petitioner.

Accordingly, Petitioner's Motion for an Order Prohibiting Petitioner from Being Retried by the State of Ohio should be denied for the reasons stated in the prior Order (Doc. #115), and in the event that Judge Rose adopts that Order, a date certain should be set by which the State of Ohio must either retry Petitioner or forego further retrial of him on the criminal charges underlying this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion to be Discharged from Federal Supervision (Doc. #126) be GRANTED and Petitioner be released from the bond and its accompanying conditions;

2. Petitioner's Motion for an Order Prohibiting Petitioner from Being Retried by the State of Ohio (Doc. #126) be DENIED pending the resolution of his previous Objections (Doc. #120) and any Objections to this Report; and

3. The State of Ohio be directed to either retry Petitioner on or before a date certain or forego further retrial of Petitioner on the criminal charges underlying this case.

July 11, 2008

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the

portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).