# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| AHMAD K. JAMES, also known as Omar K. James, | : | |
| | : | Case No. 3:00cv00491 |
| Petitioner, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| ANTHONY BRIGANO, Warden, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

In this case brought by Petitioner under 28 U.S.C. §2254, the Court previously issued a conditional writ of habeas corpus requiring the State of Ohio to either retry Petitioner on or before October 27, 2008 or forego further retrial of him on the criminal charges underlying this case. (Doc. #129).  Pursuant to the Court's prior Decisions and Orders in this case, Petitioner has been released from incarceration and is no longer the subject of a federal bond or any federal supervision. *See* Doc. #s 128-130.

The conditional writ of habeas corpus (Doc. #129) will become absolute if the State of Ohio does not retry Petitioner on or before October 27, 2008.  In that situation, the State of Ohio will be barred from thereafter prosecuting Petitioner on the criminal charges underlying this case.  *See Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

On August 28, 2008, Petitioner filed a Notice of Appeal of the Court's Order denying his Renewed Motion to Enforce and Execute Judgment. (Doc. #131).

The case is presently before the Court upon Petitioner's Motion for a Certificate of Appealability. (Doc. #132). Petitioner seeks a certificate of appealability with regard to the portion of the Court's Decision on July 30, 2008 denying Petitioner's request to bar his retrial. In essence, Petitioner contends that the Court should have issued an absolute writ of habeas corpus on July 30, 2008, rather than a conditional writ of habeas corpus because "reasonable jurists could disagree with this Court's overruling of Petitioner's Objections to the Magistrate's denial of his Motion to Enforce and Execute the Court's June 29, 2005 judgment entry. Specifically, it is certainly at least debatable whether or not the state should have been barred from retrying Mr. James after it failed to meet the conditions of the conditional writ." (Doc. #132 at 3).

Before Petitioner may appeal the Court's denial of his Renewed Motion to Enforce and Execute the Court's June 25, 2005 Judgment Entry, he must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability from the final order concerning the merits of a habeas corpus petition, Petitioner must make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting 28 U.S.C. §2253(c)). This is accomplished by showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the District Court dismissed the petition on procedural grounds without reaching the merits of the constitutional claims, Petitioner must show that jurists of reason would

2

find it debatable whether the District Court is correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring)).

In the present case, Petitioner has obtained a conditional writ of habeas corpus and has, to that extent, succeeded on establishing merits of his petition. He thus seeks to challenge in the Court of Appeals the remedy created by the Court's Decision of July 30, 2008 – the decision to issue a conditional, rather than an absolute, writ of habeas corpus. In doing so, Petitioner essentially contends that the Court erred by not finding that the first conditional writ of habeas corpus issued on June 29, 2005 became – long ago – an absolute writ of habeas corpus. *See* Doc. #132.

Contrary to Petitioner's contentions, and for the reasons previously detailed by the Court, *see* Doc. #85, 91, 128, 129, reasonable jurists could not find it debatable that the conditional writ of habeas corpus issued on June 29, 2005 (Doc. #74) did not, and has not, become an absolute writ of habeas corpus. As a result, Petitioner's Motion for a Certificate of Appealability lacks merit.

Moreover, although Petitioner filed Objections to the Report and Recommendations denying his original Motion to Enforce and Execute Judgment, *see* Doc. #s 80, 85, 86, 90, 91, he did not file Objections to the later Report and Recommendations denying his Renewed Motion to Enforce and Execute Judgement, *see* Doc. #s 105, 128, 129. Consequently, Petitioner may have forfeited his rights to continue to litigate on appeal the issues he presently seeks to appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's Motion for Certificate of Appealability (Doc. #132) be DENIED; and

2. The case remain terminated on the docket of this Court.

September 2, 2008

                  s/ Sharon L. Ovington
                  Sharon L. Ovington
                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).